IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MANUEL ORTIZ** *et al.*,
    Plaintiffs,

v.

**TORO VERDE ECO ADVENTURE PARK** *et al.*,
    Defendants.

Civil No. 19-1972 (JAG/BJM)

# ORDER

Plaintiffs Manuel and Diana Ortiz, on behalf of themselves and their minor son A.R.O., and Manuel Ortiz, Jr., on his own behalf (collectively "the Ortizes"), sued the following entities for negligence: Toro Verde Eco Adventure Park; Universal Insurance Company; Oroverde Corp.; Toro Verde Corp.; Oro Verde, Inc.; Berkeley Insurance Company; and other unnamed parties (collectively "Toro Verde"). Docket No. ("Dkt.") 35. In their summary judgment filings, the parties disputed whether two of Toro Verde's purported "occurrence experts" were adequately announced. Dkts. 72 at 18; 83 at 7. This matter was referred to me for disposition. Dkt. 106. The Ortizes filed a motion in limine, Dkt. 112, Toro Verde opposed, Dkt. 117, and the Ortizes replied. Dkt. 123.

This action arises from the Ortizes' July 19, 2019 visit to the eight-cable zipline course at Toro Verde's amusement park in Orocovis, Puerto Rico. Dkt. 58 at ¶¶ 1–3. There, A.R.O. collided with a metal support beam on zipline cable eight. *Id*. ¶ 3. The parties dispute whether this cable had adequate safety features and whether Toro Verde's staff acted properly. Dkts. 58 ¶¶ 5, 7, 9–10; 72 ¶¶ 5, 7, 9–10.

In December 2020, the court entered a pretrial order requiring the reciprocal disclosure of experts by March 2021. Dkt. 24. By that deadline, the Ortizes had designated Dr. Booeshaghi as

an expert and disclosed his resume to Toro Verde. Dkt. 25 at 1. After various extensions, the court gave Toro Verde until June 28, 2021 to disclose its experts. Dkt. 25 ¶ 5; Dkt. 26; Dkt. 27 ¶ 10; Dkt. 28. In an April 2021 response to an interrogatory about past inspections, Toro Verde turned over Benjamin Kopp ("Kopp") and Luis D. Acevedo Rivera's ("Acevedo Rivera's") inspection reports. Dkt. 117-4. However, it did not announce Kopp and Acevedo Rivera as witnesses until November 5, 2021. Dkt. 112-4. Two weeks later, the Ortizes' counsel inquired into the scope of these witnesses' testimonies and requested a summary. Dkt. 112-5. After receiving no response, the Ortizes' counsel followed up on this request in early December. Dkt. 112-6. Toro Verde apparently never answered. Discovery closed on December 15, 2021. Dkts. 40, 41.

Meanwhile, the court had set an August 30, 2021 deadline for Toro Verde to provide expert reports. Dkt. 36. It provided a report from Dr. Richard Katz ("Dr. Katz"), a Life Care Planner, on the day of the deadline. Dkt. 112 at 4. During the week spanning from October 27 to November 2, 2021, the Ortizes' counsel contacted Toro Verde's attorney three times about deposing Dr. Katz. Dkts. 112-7–112-10; 114-1 (Eng. Trans. of Dkts. 112-7–112-8). On November 5, 2021, Toro Verde's counsel responded that Dr. Katz was out of the office and he would reach out to schedule Dr. Katz's deposition when he returned the following week. Dkt. 112-11. Apparently, the parties did not communicate further regarding this deposition and it never occurred. Dkt. 112 at 5.

The Ortizes now move to preclude Kopp, Acevedo Rivera, and Dr. Katz from testifying. Dkt. 112. Beginning with Kopp and Acevedo Rivera, the Ortizes argue Toro Verde disclosed that these two witnesses would testify after the deadline to make such disclosures had passed. Dkt. 112 at 6. Further, they argue Toro Verde ignored requests to provide the scope and summary of Kopp and Acevedo Rivera's testimonies and failed to provide their resumes. *Id.* at 6–7. Thus, the Ortizes contend Toro Verde incorrectly asserted at summary judgment that it had announced Kopp and

*Ortiz et al. v. Toro Verde Eco Adventure Park et al.*, Civil No. 19-1972 (JAG/BJM)                3

Acevedo Rivera as occurrence experts. *Id.* at 7. Accordingly, the Ortizes urge this court to preclude testimony from both witnesses. *Id.* Toro Verde responds that Kopp and Acevedo Rivera are properly classified as occurrence experts for whom expert reports and resumes are not required. Dkt. 117 at 2.

"The Civil Rules require litigation adversaries to disclose to each other the identity of proposed expert witnesses and the subjects on which their testimony will be offered." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 35 (1st Cir. 2012) (citing Fed. R. Civ. P. Rule 26(a)(2)(A)–(C)). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Here, the presiding judge entered a pretrial order requiring the reciprocal disclosure of experts by specified deadlines. Dkt. 24. In response, the Ortizes designated Dr. Booeshaghi and disclosed his resume to Toro Verde. Dkt. 25 at 1. The court gave Toro Verde until June 28, 2021 to disclose its experts. Dkt. 27 ¶ 10; Dkt. 28. Though Toro Verde turned over Kopp and Acevedo Rivera's inspection reports in April 2021 while responding to an interrogatory about past inspections, it did not announce them as witnesses until November 5, 2021. Dkt. 112-4. That was over four months after the June 28 deadline. Further, Toro Verde did not disclose the subject of either witness's testimony before the June 28 deadline. Such a disclosure did not comply with Fed. R. Civ. P. Rule 26 or this court's order.

I note that Toro Verde argues Kopp and Acevedo Rivera will testify as "occurrence experts," as it stated in its March 2022 summary judgment opposition. Dkt. 117 at 2; *see also* Dkt. 72 at 18. Such an expert is one "whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit." *See* Fed. R. Civ. P. 26(b)(4), advisory committee's note on 1970 amendment. This contrasts with a witness "retained or specially employed to provide expert

testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Because Kopp and Acevedo Rivera conducted routine inspections of Toro Verde unrelated to this action, and will purportedly testify to the observations and recommendations made during those inspections, Toro Verde is correct that no expert report is required. *See Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 8 (1st Cir. 2011) (finding expert report unnecessary where licensed exterminator would testify "based on his personal knowledge and information gleaned in the course of his initial inspection and related efforts to remediate the problem"). The Ortizes respond that Kopp and Acevedo Rivera's inspection reports veer into expert testimony and thus they believe these witnesses will offer expert testimony at trial. Dkt. 123 at 3. However, that argument misunderstands Toro Verde's obligations. Per Rule 26(a)(2)(B), a party must provide written reports containing resumes for two types of experts: (1) witnesses it hires to testify in a specific case; and (2) witnesses employed by the party who regularly provide expert testimony on its behalf. With respect to Toro Verde, Kopp and Acevedo Rivera are neither. Accordingly, no expert report was required.

Still, for experts who fall outside Rule 26(a)(2)(B), a party must disclose the subject matter of their testimony under Fed. R. Evid. Rules 702, 703, and 705 along with "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Taking Toro Verde at its word that Kopp and Acevedo Rivera would testify to the findings of their reports, each witness will undoubtedly testify based on their "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Kopp is a self-described "qualified challenge course professional" who apparently would testify that Toro Verde's zipline course complies with industry standards. Dkt. 117-1 at 1. Toro Verde only submitted Acevedo Rivera's report in Spanish. *See* Dkt. 117-2. However, it argued that both Kopp and Acevedo Rivera would dispute the expert testimony of

Plaintiffs' witness, Dr. Booeshaghi. Dkt. 72 at 18; Dkt. 117 at 3–4. In doing so, both witnesses would presumably offer expert testimony of their own. Accordingly, Toro Verde was required to disclose the subject matter of their testimony and the facts and opinions to which they would testify.

Toro Verde argues it met this requirement by providing Kopp and Acevedo Rivera's inspection reports in April 2021. Dkt. 117 at 3. It further asserts that both witnesses would testify to their findings as outlined in those reports. *Id.* Again, I note Acevedo Rivera's report was submitted in Spanish. *See* D.P.R. Local Rule 5(c) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English."). At least one court has observed that, "mere reference to unspecified testimony is insufficient under [Rule 26(a)(2)(C)]." *Ingram v. Novartis Pharms. Corp.*, 282 F.R.D. 563, 565 (W.D. Okla. 2012), *order clarified on reconsideration* (June 29, 2012) (finding inadequate a party's assertion that treating physicians would testify "in accordance with" his or her medical records and deposition in the case). Nevertheless, the Ortizes do not argue that a language barrier has prevented them for understanding the report.

However, another issue applies to both of Toro Verde's disclosures. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. Rule 37 (c)(1); *see also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*, 248 F.3d 29, 33 (1st Cir. 2001). A party must make its disclosures at the times ordered by the court. Fed. R. Civ. P. 26(a)(2)(D). Here, the court ordered these disclosures due by June 28, 2021. Toro Verde did not disclose Kopp and Acevedo Rivera as expert witnesses until November 2021. That disclosure did

not explain the scope or nature of their testimony. Though it provided Kopp and Acevedo Rivera's inspections in April 2021, Toro Verde did not disclose that these reports would constitute the substance of their testimony until November 2022. *See* Dkt. 117 at 3. Accordingly, its disclosures thus did not comply with the court's June 28, 2021 deadline.

Thus, I examine whether Toro Verde's failures to timely identify Kopp and Acevedo Rivera as expert witnesses and properly disclose the nature of their testimony were substantially justified or harmless. These failures were not substantially justified because Toro Verde provided no explanation for them. *See Macaulay v. Anas*, 321 F.3d 45, 52 (1st Cir. 2003) (finding exclusion appropriate where, among other things, a party had not advanced "any real justification" for late disclosure of an expert report).

As for the resulting harm, the Ortizes argue Toro Verde's untimely disclosure prevented them from fully assessing Toro Verde's reliance on its alleged compliance with zipline safety regulations and prevented the Ortizes from providing their own experts with documentation summarizing Toro Verde's defenses. Dkt. 112 at 10. Neither concern warrants precluding Kopp and Acevedo Rivera's testimonies. Toro Verde stated that Kopp and Acevedo Rivera would rebut the Ortizes' expert, Dr. Booeshaghi, by testifying to the information contained in their inspections. As discussed, the Ortizes have had access to both inspections since before the court's June 2021 deadline to announce experts. Further, Dr. Booeshaghi had access to Kopp and Acevedo Rivera's inspections when he prepared his expert report. Dkt. 117-5 at 2–3. The Ortizes have not identified any other harm caused by the late disclosure. Because the Ortizes had access to the inspections beginning in April 2021, they had ample time to assess Toro Verde's reliance on these reports and provide them to their own expert.

Moreover, late disclosure of a potential witness known to all parties is generally harmless. *See Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2006) (citing Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment). When a disclosure reasonably apprises a party of an expert's expected testimony, the risk of unfair surprise is reduced and preclusion is unnecessary. *Saucedo v. Gardner*, 2018 WL 1175066, at *3 (D.N.H. Mar. 5, 2018). Toro Verde undoubtedly should have disclosed Kopp and Acevedo as witnesses before the June 2021 deadline and its disclosure should have stated that Kopp and Acevedo Rivera would testify to the information contained in their reports. However, limiting Kopp and Acevedo Rivera's testimony to those reports, which were disclosed to the Ortizes prior to the June 2021 deadline, would alleviate the risk of unfair surprise from Toro Verde's delayed and inadequate disclosure. Further, it is unclear how allowing Toro Verde to present that evidence would delay this case. *See Gagnon*, 437 F.3d at 199 (listing impact of a tardy disclosure on the court's docket as a relevant inquiry when deciding sanctions for late disclosure of a witness). Accordingly, Kopp and Acevedo Rivera may testify to the contents of their reports that were disclosed to the Ortizes in April 2021.

Turning to Dr. Katz, the Ortizes contend Toro Verde never responded to repeated requests to make him available for a deposition. Dkt. 112 at 7. Toro Verde responds that the Ortizes did not follow up on their requests after sending three emails in October and November 2021. Dkt. 117 at 5. To illustrate, Toro Verde further argues the Ortizes made no attempt to confer about a deposition date via phone calls, text messages, or other forms of communication. Dkt. 117 at 5. Further, it argues the Ortizes effectively waived their right to oppose Dr. Katz's testimony because they failed to seek an order for a subpoena among other remedies. *Id.*

First, it is unclear that the admissibility of Dr. Katz's testimony has been referred to me for disposition. The referral order only mentions purported "occurrence experts" discussed in the

parties' summary judgment filings. *See* Dkt. 106 (citing Dkts. 72 at 18; 83 at 7). Neither filing mentions Dr. Katz. And though the Ortizes explicitly opposed testimony from "occurrence expert witnesses" Kopp and Acevedo Rivera at summary judgment, they did not mention Dr. Katz. Dkt. 83 at 7. Nevertheless, because both parties discuss Dr. Katz, I briefly address their arguments.

Even assuming the issue of Dr. Katz's testimony were referred to me for disposition, his testimony should not be excluded. I note that Plaintiffs' counsel repeatedly asked Toro Verde's attorney to arrange Dr. Katz's deposition. Dkts. 112-7–112-8; 114-1 (Eng. Trans.). As those messages show, Toro Verde's counsel either asked to respond later or ignored the messages entirely. *Id.*; *see also* Dkts. 112-10–112-11. However, Toro Verde correctly notes the Ortizes never served a subpoena or sought a court order compelling a deposition. Dkt. 117 at 5.

As a result, no sanctions are warranted. A party may compel a witness to appear at a deposition under Fed. R. Civ. P. Rules 30(a) and 45. However, under these rules, "a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for a hearing or trial." *United States v. Santiago-Lugo*, 904 F. Supp. 43, 47 (D.P.R. 1995). Because Dr. Katz is not a party to this action and the Ortizes did not issue a subpoena, Dr. Katz was not compelled to testify. Accordingly, Toro Verde had no obligation to schedule his deposition and its failure to do so is not sanctionable.

I note that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If the court orders a party to produce another person for examination and the party fails to do so, the court may issue sanctions. Fed. R. Civ. P. 37(b)(2)(B). Thus, "[Rule 37]'s language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed." *R.W. International Co. v. Welch Foods, Inc.*, 937 F.2d 11,

*Ortiz et al. v. Toro Verde Eco Adventure Park et al.*, Civil No. 19-1972 (JAG/BJM)                                    9

15 (1st Cir. 1991). Because the Ortizes never sought an order compelling Dr. Katz's deposition, Toro Verde's failure to schedule one did not violate a court order. Accordingly, this conduct is not sanctionable.

For the foregoing reasons, the Ortizes' motion in limine is **DENIED**.

With the restriction that Kopp and Acevedo Rivera may testify to the contents of their inspections disclosed to the Ortizes in April 2021, the Ortizes motion to preclude their testimony is **DENIED**. The Ortizes motion to preclude Dr. Katz's testimony is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of September 2023.

                                                    **S/** *Bruce J. McGiverin*
                                                    BRUCE J. MCGIVERIN
                                                    United States Magistrate Judge